UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA                     :
                                             :
                                             :   04 Cr. 1040 (RMB)
           -against-                         :
                                             :
                                             :   **ORDER**
MARTIN HOFFMAN,                              :
                                             :
                       Defendant.            :
                                             :
------------------------------------------------------------X

**I.     Background**

On October 14, 2005, Martin Hoffman ("Hoffman" or "Defendant") pleaded guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1341 & 1342 before Magistrate Judge Douglas F. Eaton, and on October 24, 2005 the Court accepted Defendant's guilty plea.  (See Order dated October 24, 2005.)  On May 15, 2006, the Court sentenced Defendant to 33 months incarceration and ordered him to surrender on or before October 2, 2006.  (Judgment dated May 15, 2006, at 1-2.)[1]

On or about January 8, 2007, Defendant, proceeding pro se, moved for an order exonerating his $200,000 personal recognizance bond.  (Defendant's Motion to Exonerate Bond ("Def. Motion"), at 1.)  Defendant states that following indictment, he "was released on a personal recognizance bond secured by a mortgage upon [his] residence, in favor of the United States, cosigned by [his] wife," and that he has "complied with all conditions of his release . . . [and is] presently serving his sentence.  Accordingly, bond is no longer required to secure [his] appearance in Court."  (Def. Motion at 1.)

---

[1] The surrender date was later changed to October 6, 2006.  (Memo Endorsement dated September 25, 2006.)

On or about March 9, 2007, the Government submitted a letter to the Court stating that it "has no objection to the defendant's motion to exonerate his bond." (Letter from AUSA David Siegal, dated March 9, 2007.)

On or about September 26, 2006, Harvey Stuart, Esq., representing Hoffman's prior counsel Gordon Mehler ("Mehler"), filed a Notice of Motion Seeking Deferral of Exoneration of the Defendant's Bail Bond. (See Notice of Motion, dated September 26, 2006, at 1.) Mehler argues that he has obtained a default judgment against Defendant in New York State Supreme Court in the amount of $48,230.89 for unpaid attorney's fees, and seeks deferral of the exoneration of Defendant's bond until Defendant satisfies the state court judgment for legal fees "on the ground that the court's ancillary jurisdiction should thus be exercised for the protection of the movant as an officer of the court." (Notice of Motion dated September 26, 2006, at 1.) By letter dated March 19, 2007, Mehler also requests "in the alternative, that, should the Court deny our motion, the Court stay the exoneration of the bond so that we may consider our options for appeal." (Letter from Harvey Stuart, dated March 19, 2007 ("Mar. 19 Letter"), at 3.)

**For the reasons set forth below, the Court grants Defendant's Motion and denies Mehler's application to defer or stay exoneration.**

## II.     Legal Standard

Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 46(g) provides that "[t]he court must exonerate the surety and release any bail when a bond condition has been satisfied . . . ." Fed. R. Crim. P. 46(g); see also United States v. Begleiter, 38 Fed. Appx. 80, 81 (2d Cir. 2002) ("Fed. R. Crim. P. 46(f) provides that 'when the condition of the bond has been satisfied . . . the court shall exonerate the obligors and release any bail.'").

### III. Analysis

Because Defendant has "complied with all conditions of [his] release, and [has] surrendered . . . [and] [a]ccordingly, bond is no longer required to secure [his] appearance" (Def. Motion at 1), Defendant's bond should be exonerated forthwith. See Fed. R. Crim. P. 46(g); see also Begleiter, 38 Fed. Appx. at 81.

Mehler's request that the Court defer exoneration of the bond pending payment of legal fees is not persuasive. Indeed, Mehler acknowledges that there is "no written opinion . . . precisely on point . . . which has ordered deferral of exoneration of the defendant's bail bond after his surrender . . . ." (Mar. 19 Letter at 1.) Garcia v. Teitler, 443 F.3d 202 (2d Cir. 2006), upon which Mehler relies, is not applicable because it concerns the Court's ancillary jurisdiction over an attorney's fee dispute, and does not provide authority for the Court to defer exoneration of bail after the bond conditions have been satisfied in order to effectuate a state court attorney's fees judgment.

### IV. Conclusion and Order

For the foregoing reasons, the Court grants Defendant's Motion and denies Mehler's application to defer or stay exoneration of Defendant's bond. All property pledged to secure the bond is released.

Dated: New York, New York
      April 4, 2007

                                                _RMB_
                                      RICHARD M. BERMAN, U.S.D.J.